1
2
3
4
5
6
7
8
9
10

**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| MARYAM ALAEI, | Case № 2:15-cv-08906-ODW (JPRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [12]** |
| ERIC H. HOLDER, JR., *et al.* | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Maryam Alaei brings this action to compel the United States Custom and Immigration Services ("USCIS") to hold a hearing on her asylum application. Defendants Eric H. Holder, Jr., Jeh Johnson, Leon Rodriguez, Lori Scialabba, John Lafferty, and David Radel move to dismiss the Complaint.  For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]  (ECF No. 12.)

## II.  FACTUAL BACKGROUND

Plaintiff is a citizen of Iran, and is currently residing in the United States. (Compl. ¶ 22, Ex. A.)  In December 2014, Plaintiff filed an asylum application with USCIS.  (*Id.* ¶ 22.)  Plaintiff had her fingerprints taken shortly thereafter, but to date

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

has not been scheduled for an interview. (*Id.* ¶¶ 3, 11, 24.) On November 16, 2015, Plaintiff filed this action, alleging that Defendants violated the Immigration and Naturalization Act by not scheduling her interview within 45 days after she filed her application. (ECF No. 1.) On March 2, 2016, Defendants moved to dismiss the Complaint. (ECF No. 12.) Plaintiff opposed, and Defendants replied. (ECF Nos. 20, 22.) That Motion is now before the Court for review.

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged

pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

The statute establishing the 45-day rule reads as follows: "[I]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed."  8 U.S.C. § 1158(d)(5)(A)(ii).

Plaintiff asserts two claims arising from this statute.  First, Plaintiff asks the Court to issue a writ of mandamus compelling Defendants to schedule her interview. Second, Plaintiff brings a claim under the Administrative Procedure Act, arguing that Defendants have "unreasonably delayed" in setting her application for hearing.   In addition, Plaintiff alleges that Defendants' "last in, first out" policy of adjudicating asylum applications violates Due Process.  None withstand scrutiny.

**A.   Mandamus**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361; *see also* 28 U.S.C. § 1651(a) (district courts may issue writs of mandamus in aid of their jurisdiction); *Petrowski v. Nutt*, 161 F.2d 938, 939 (9th Cir. 1947).  "For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (citations, brackets, and internal quotation marks omitted). However, "[e]ven if the test is met, the district court still retains the discretion to deny relief."  *Id.*

Here, Plaintiff fails at least the first prong of the test as the relevant statute makes clear that the 45-day rule is not a right enforceable by the applicant.  *See* 8

U.S.C. § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.").  The Ninth Circuit has held that identical language in other immigration statutes foreclose mandamus relief.  *Campos v. I.N.S.*, 62 F.3d 311, 313–14 (9th Cir. 1995); *see also, e.g.*, *Pesantez v. Johnson*, No. 15 CIV. 1155 (BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) ("It is beyond serious dispute that mandamus . . . is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action."); *L.M. v. Johnson*, No. 14CV3833NGGVMS, 2015 WL 8540876, at *5 (E.D.N.Y. Dec. 8, 2015) (following *Pesantez*); *Pesic v. Perryman*, No. 99 C 3792, 1999 WL 639194, at *5 (N.D. Ill. Aug. 17, 1999) ("Where there is no private right of action under a statute, mandamus is not available.").  Plaintiff is thus not entitled to mandamus relief.

**B.     Administrative Procedure Act**

The APA provides that a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original); *see id.* at 63 n.1; *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075–76 (9th Cir. 2016) ("A court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action.  The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" (citations omitted)).

Here, § 1158(d)(5)(A)(ii) is not a "specific, unequivocal command" to adjudicate an asylum application within 45 days.  Rather, the statute requires adjudication of a petition within 45 days *unless* there are "exceptional circumstances."

§ 1158(d)(5)(A)(ii).  The statute thus vests at least some degree of discretion in the agency to not set a hearing on the application within 45 days, and thus this is not the type of ministerial command that gives rise to a claim under § 706(1).  *See, e.g.*, *Vietnam Veterans of Am.*, 811 F.3d at 1083 (the APA "does not give us license to compel agency action whenever the agency is withholding or delaying an action we think it should take.  Rather, our authority to compel agency action is [limited to enforcing statutes or regulations that] contain[] an unequivocal command about which an official has no discretion whatever." (citations, internal quotation marks omitted)).

Even if the 45-day rule did constitute an unequivocal command, the Court would hold that Defendants have not unreasonably delayed in complying with that command.  To determine whether delay in administrative action is unreasonable under the APA, courts generally consider the following factors (commonly referred to as the "*TRAC* factors"):

> (1)  the time agencies take to make decisions must be governed by a rule of reason;
>
> (2)  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3)  delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4)  the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5)  the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6)  the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

All of the foregoing factors favor Defendants.  As to the first and second factors, Plaintiff's application has been pending for one and one-half years.  While this

is significantly longer than 45 days, courts have found delays of several years to be acceptable.  *E.g.*, *L.M.*, 2015 WL 8540876, at *9 (two year delay); *Beyene v. Napolitano*, No. C 12-01149 WHA, 2012 WL 2911838, at *6 (N.D. Cal. July 13, 2012) (five year delay); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (five year delay).  Moreover, Plaintiff does not allege that USCIS is simply sitting on her application; indeed, Plaintiff admits that the delay in the processing of her application is due to a lack of agency resources caused by a recent surge in asylum applications being filed.  (Compl. ¶ 4.)  This provides further support for the reasonableness of the delay in this case.

As to the third factor, there is no human health and welfare at stake in the delay as Plaintiff can legally live and work in the United States pending adjudication of her application.  8 U.S.C. § 1158(c)(1).  Indeed, there is arguably a greater threat to Plaintiff's welfare by *prompt* adjudication of the application—at best, Plaintiff will be granted asylum and will continue living under essentially the same conditions as she is now; at worst, the application will be denied and Plaintiff will be required to return to Iran, where she may be subjected to the very persecution that led her to seek asylum here in the first place.  As to the fourth factor, USCIS certainly has competing priorities, such as adjudicating the large number of petitions that were filed before Plaintiff's.  (Compl. ¶ 4.)  Courts have "refused to grant relief, even though all the other factors considered in TRAC favored [relief], where 'a judicial order putting [an individual] at the head of the queue would simply move all others back one space and produce no net gain.'"  *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991)).  The fifth factor requires substantially the same analysis as the third factor, *Tewolde v. Wiles*, No. C11-1077JLR, 2012 WL 750542, at *7 (W.D. Wash. Mar. 7, 2012), and thus also favors Defendants.  For these reasons, Plaintiff's APA claim fails.

**C.   Due Process**

Finally, Plaintiff alleges that asylum seekers are denied Due Process under

1    USCIS's "last in, first out" policy of adjudicating applications.  However, Defendants

2    present judicially noticeable documents showing that USCIS abandoned that policy

3    long ago, and now adjudicates applications largely on a "first come, first serve" basis.

4    (*See* Mot. 14 n.8.)  Thus, Plaintiff's claim is factually unsupported.  *United States v. S.*

5    *Cal. Edison Co.*, 300 F. Supp. 2d 964, 970 (E.D. Cal. 2004) ("The court need not

6    accept as true[] allegations that contradict facts which may be judicially noticed.").

7    And at any rate, Plaintiff cites no authority whatsoever in her Opposition for the

8    proposition that such conduct violates Due Process.  "Where plaintiffs fail to provide a

9    defense for a claim in opposition [to a motion to dismiss], the claim is deemed

10   waived."  *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal.

11   2009) (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52

12   (9th Cir. 2009)), *aff'd*, 646 F.3d 1240 (9th Cir. 2011).  The Court has no obligation to

13   manufacture Plaintiff's arguments for her.  *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th

14   Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion

15   does not preserve a claim.").

16   **D.     Leave to Amend**

17          Plaintiff does not request an opportunity to amend the complaint, and the Court

18   cannot discern how Plaintiff could amend her Complaint with consistent facts to avoid

19   the deficiencies set forth above.  Therefore, dismissal without leave to amend is

20   appropriate.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss without leave to amend.  (ECF No. 12.)  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 26, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**